UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LENA CARRILLO,

    Petitioner,

    v.

SCHELIA A. CLARK, warden,

    Respondent.

           /

No. C 07-4247 SI (pr)

**ORDER OF DISMISSAL**

    Lena Carrillo, a prisoner at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the lawfulness of the Bureau of Prisons ("BOP") regulations prohibiting her transfer to a Community Correctional Center ("CCC") until ten percent of her sentence remains. Carrillo claims the regulations, see 28 C.F.R. §§ 570.20 and 570.21, are inconsistent with the BOP's authority under 18 U.S.C. § 3621(b). Carrillo has not exhausted the BOP's administrative appeals process, however.

    Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. Castro-Cortez v INS, 239 F.3d 1037, 1047 (9th Cir. 2001). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see, e.g., Laing v Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

1    Carrillo claims that the exhaustion requirement should be waived in her case. She argues that exhausting her claim through the BOP's administrative appeals process "would be futile here because the BOP likely would reject Petitioner's appeal based on its official policy that she is challenging" and because it may take too long in light of the short amount of time remaining on her sentence. Petition, pp. 3, 4. The court finds these arguments unpersuasive.

Carrillo's fear that the appeal process may take too long is simply not a sufficient basis to waive the exhaustion requirement. Nor is her unsupported contention that pursuit of administrative remedies would be a futile gesture. Recent cases and actions of the BOP suggest otherwise. She reports that all four circuits that have considered the validity of the policy have found it invalid. See Petition, p. 5, citing Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). And several district courts in the Ninth Circuit also have found the policy contrary to the statute. See Whistler v. Wrigley, No. C 06-0860-LJO-WMW, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007) (listing cases). Perhaps as a consequence of this across-the-board rejection of the BOP policy, in Whistler, the BOP informed the court that it had evaluated the petitioner "'without reference to the time constraints imposed by 28 C.F.R. 570.20-21," and transferred him to a residential re-entry center, leading the court to dismiss the petition as moot. Id. at *6. Consequently, it is far from clear that Carrillo's pursuit of administrative remedies would be futile; to the contrary, there is a real possibility that BOP officials will provide the relief Carrillo seeks in the first instance. Waiver of the exhaustion requirement is not warranted under these circumstances.

The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Carrillo filing a new petition after exhausting the BOP's administrative appeals process. The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 17, 2007

_____
SUSAN ILLSTON
United States District Judge

2